JUSTIN D. HEIDEMAN (USB No. 8897)
JUSTIN R. ELSWICK (USB No. 9153)
**HEIDEMAN & ASSOCIATES**
2696 North University Avenue, Suite 180
Provo, Utah 84604
Telephone: (801) 472-7742
Facsimile: (801) 374-1724
Email: jheideman@heidlaw.com
        jelswick@heidlaw.com
*Attorneys for Plaintiffs Roger Jason Killpack and Meladee Killpack*

**IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROGER JASON KILLPACK and MELADEE KILLPACK,<br><br>    Plaintiffs,<br><br>vs.<br><br>REGENCE BLUECROSS BLUESHIELD OF UTAH,<br><br>    Defendant. | **COMPLAINT**<br><br>Civil No. _____<br><br>Judge _____ |

Plaintiffs Roger Jason Killpack and Meladee Killpack ("Plaintiffs"), by and through undersigned counsel, complain and allege for cause of action against Defendant Regence BlueCross BlueShield of Utah ("Defendant") as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Plaintiffs are a married couple who reside in Washington County, Utah.

2. Regence BlueCross BlueShield of Utah ("Defendant") is a Utah non-profit corporation licensed to transact healthcare insurance business in the State of Utah with its principal place of business located in Salt Lake County, Utah.

3. Plaintiffs seek damages for denial of benefits by Defendant, a company covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). Jurisdiction is therefore proper to this Court pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

4. Venue is proper to this Court pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

5. Page 58 of the Summary Plan Description for Avalon Health Care, Inc. (the "Plan") expressly provides that "[a]ny legal action arising out of the Plan benefit option described herein must be filed with the United States District Court of the District of Utah, which district court will have exclusive jurisdiction in regard to the matter."

## GENERAL ALLEGATIONS

6. Plaintiff, Meladee Killpack ("Meladee") and her spouse, Roger Jason Killpack ("Roger") were insured under a health care plan that Meladee obtained through her employer, Southern Utah Veterans / Avalon Healthcare (Avalon).

7. It was during the employment with Avalon that Meladee signed up for enrolled coverage on January 1, 2017 and as a consequence Roger, as dependent spouse, was made a part of the medical coverage package.

8. Under the Plan, Roger was covered for "Medical, Dental, Vision, Spousal Life, Accident, Hospital."

9. As a result of signing up for the plan, Meladee had a portion of each of her paychecks withheld to keep and maintain medical insurance coverage.

10. Defendant offers a policy that qualifies as being administered under the federal law known as ERISA.

11. This coverage is subject to certain fiduciary responsibilities to seeing that the law was carried out to the standards set forth in ERISA.

12. Upon Meladee's policy qualification, as a designated dependent, Roger was accepted and carried as covered on Meladee's insurance.

13. As a spousal designee, Roger became a "party in interest" subject to the conditions and protections of the ERISA standards.

14. A Benefit Summary was published by Defendant and an official enrollment date given as January 1, 2017.

15. Roger began experiencing pain from a degenerative spine condition in 2012 and sought treatment from Southwest Spine and Pain ("SSP").

16. Defendant paid SSP a total of $1,200.00 in partial payment of the accumulating claim for goods and treatment services.

17. By May 17, 2017, Defendant had paid SSP $4,424.53 for treatments received by Roger for his condition.

18. There was no claim by Defendant at that time that the condition was related to a work injury.

19. Ultimately, Roger required an implant for degenerative spinal condition and the Plaintiffs sought verification that the procedure needed would be covered under the plan.

20. Dr. Bryt Christensen, M.D. sent Defendant a pre-authorization request on or about April 6, 2017 for services to ensure that Defendant would cover a procedure to implant a spinal cord stimulator.

21. As described by Dr. Christensen, the spinal cord stimulator was necessary to ameliorate ongoing pain associated with a degenerative back condition Roger suffers with.

22. Defendant sent written confirmation verifying approval and gave notice that it would likewise contact SSP with approval for the treatment.

23. This notice would also serve as a promise to pay by Defendant.

24. The approval letter noted that Defendant had determined that the requested medical service was "medically necessary," and authorized the procedure to occur between March 31, 2017 and October 6, 2017.

25. Based specifically on the approval from Defendant, Roger scheduled and had the spinal cord stimulator procedure on or about May 22, 2017.

26. Following the pre-approval and the completion of the spinal cord stimulator procedure, Defendant denied coverage for the pre-approved procedure in a letter dated October 6, 2017 on grounds that the procedure was the result of a work-related incident/illness occurring during the course of employment.

27. Defendant instructed Roger that he must first file a Worker's Compensation claim and obtain a final determination prior to receiving any benefits through Defendant.

28. Plaintiffs appealed the denial of Roger's coverage on or around November 5, 2017.

29. Among other things, Plaintiffs noted that Roger's injury was not work-related and that no prior Worker's Compensation claim had been filed or reported.

30. In fact' Roger's spinal issues began in 2012 and he began receiving treatment that year.

31. Roger did slip at work in 2013 while employed with Nielsen Construction.

32. Roger made a verbal report and filed a safety report—however, no Worker's Compensation claim was filed and Roger's employer did not advise him to do so.

33. Plaintiffs further provided documentation to Defendant from the Utah State Labor Commission showing that no worker's compensation claim was opened or ever made relating to any injury to Roger's back.

34. In addition to denying the pre-approved claim for the spinal cord stimulator implantation, Defendant retroactively the coverage for payments that had already been paid to SSP.

35. Defendant denied Roger's appeal in a letter dated December 4, 2017 indicating that because Roger had mentioned his slipping at work in 2013 during a recorded phone, his injury was work-related and he needed to file a Worker's Compensation claim.

36. Roger's treating doctor, Dr. Christensen, also sent Defendant a letter dated January 15, 2018 confirming that his condition was not "accident related."

37. Despite this information, Defendant has continued to deny coverage for Roger's surgery.

38. As a result, Plaintiffs' were unable to pay medical bills related to the surgery and were sued as part of collection proceedings.

## FIRST CAUSE OF ACTION
(Denial of Benefits—ERISA §502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))

39. Plaintiffs reallege all previous paragraphs of this Complaint.

40. Plaintiffs properly made claims for benefits under the Plan.

41. Plaintiffs exhausted the Plan's administrative appeals process.

42. Defendant sent Roger a pre-authorization approval for a medically necessary spinal cord stimulator procedure.

43. Based on and relying specifically on the pre-authorization Roger underwent the procedure and the related care for his degenerative spinal condition.

44. Defendant not only denied coverage for the pre-approved spinal cord stimulator procedure, but also retroactively denied previously approved and paid claims related to the treatment by SSP.

45. Plaintiffs are entitled to recover not only the full cost of the pre-approved surgery, but also the previous payments made to SSP for Roger's pre-surgery treatments in the amount of not less than $200,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant for denial of Plaintiff's benefits in an amount to be proven at trial, but which amount is not less than $200,000.00.

SUBMITTED: October 6, 2020

> HEIDEMAN & ASSOCIATES
> */s/ Justin D. Heideman*
> Justin D. Heideman
> Attorney for Plaintiffs Roger Jason Killpack
> and Meladee Killpack